### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERESA GREEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:13-cv-00267-GPM-DGW |
| DICKERSON STATIONS, INC. d/b/a GAS MART | ) ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) ) | |

### MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, DICKERSON STATIONS, INC. d/b/a GAS MART, by and through its attorneys, Becker, Paulson, Hoerner & Thompson, P.C., and for its Motion to Dismiss or in the Alternative Motion for Summary Judgment, pursuant to Fed. R. of Civ. Pro. 12(b)(6) and Fed. R. Civ. Pro 56 states as follows:

### STANDARD OF REVIEW

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), state the standard of review for motions to dismiss under Fed.R.Civ.P. 12(b). *In re Schmid,* 2013 WL 1755550 (Bkrtcy.W.D.Wis.,2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Schmid,* quoting, *Iqbal,* 556 U.S. at 678. Further, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Finally, to survive a Rule 12(b)(6) motion, the factual

allegations set forth in the complaint, taken as true, "must be enough to raise a right to relief above the speculative level." *In re Schmid,* quoting, *Twombly,* 550 U.S. at 555.

## RELEVANT FACTS

Plaintiff's Complaint alleges gift cards sold by the Defendant that assess dormancy charges after six (6) months of inactivity and have an expiration date in violation of the Electronic Funds Transfers Act.

## ARGUMENT

### I. Count I should be dismissed pursuant to FRCP 12(b)(1) as the Plaintiff lacks standing to bring suit.

Based on the Exhibit attached to the Plaintiff's Complaint, the Plaintiff does not have standing to bring this suit. [A] plaintiff, to establish Article III standing to sue, must allege, and if the allegation is contested must present evidence, that the relief he seeks will if granted avert or mitigate or compensate *him* for an injury—though not necessarily a great injury—caused or likely to be caused by the defendant. *American Bottom Conservancy v. U.S. Army Corps of Engineers,* 650 F.3d 652, 656 (7th Cir. 2011), citing, *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992). First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized (citations omitted), and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan* at 560; (Citations omitted). Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Id*.; (Citation omitted). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* at 561; (Citation omitted).

[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction. *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993), citing, *Shockley v. Jones,* 823 F.2d 1068, 1070 n. 1 (7th Cir.1987). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir. 1999), citing, *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679, 685 (7th Cir.1998). The presumption of correctness that [courts] accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Sapperstein* at 856, citing, *Commodity* at 685.

The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.' *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 184 (1936), quoting, *Wetmore v. Rymer,* 169 U.S. 115, 120 (1898); *Gilbert v. David,* 235 U.S. 561, 567 (1915); *North Pacific Steamship Co. v. Soley,* 257 U.S. 216, 221 (1921). Where evidence pertinent to subject matter jurisdiction has been submitted … "'the district court may properly look beyond the jurisdictional allegations of the complaint ... to determine whether in fact subject matter jurisdiction exists.'" *Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir. 1999), quoting, *United Transportation Union v. Gateway Western Railway Co.,* 78 F.3d 1208, 1210 (7th Cir.1996) (internal citations omitted).

Paragraph 13 of the Class Action Complaint states, "On or about December 12, 2011, Plaintiff's father-in-law purchased a Gas Mart Gift Card (the "Gift Card") in the amount of $25.00 as a Christmas gift for Plaintiff. A copy of the front and back of the

Gift Card is attached hereto as Exhibit A and incorporated herein by reference." The Gift Card's transactions records are attached as Defendant's Exhibit A. (An affidavit stipulating to the accuracy and authenticity of all the Defendant's Exhibits attached to this Motion has been attached as Defendant's Exhibit B). The Sequence number in Defendant's Exhibit A (119818) correlates to the bottom set of numbers on the Gift Card at issue and attached to the Complaint as Plaintiff's Exhibit A (4#10045#*119818*#0). (See Defendant's Exhibit A; Plaintiff's Exhibit A). Defendant's Exhibit A shows that the Gift Card which is at issue in this action was purchased on December 4, 2011 for $20.00 as opposed to December 12, 2011, for $25, and that said Gift Card was not depleted by dormancy fees, but rather by customer usage on December 6, 2011. (See Defendant's Exhibit A; Comp. pg. 3, par. 13). Thus, the Plaintiff is either lying, or the Plaintiff is mistaken about the events that led to this suit. The Defendant believes the latter to be the case.

Additional records show that the while the Plaintiff's father in law did indeed purchase two (2) Gas Mart Gift Cards on the day in question, neither of them is the Gift Card represented by Plaintiff's Exhibit A. Attached as Defendant's Exhibit C, is Plaintiff's father in law, William Green's, Chase credit card statement from November 25, 2011 through December 24, 2011, produced by the Plaintiff. Exhibit C shows that the Plaintiff's father in law, William Green, made a fifty dollar ($50) purchase at Gas Mart 23 in O'Fallon Illinois on December 12, 2011. Based on information and belief William Green purchased two (2) twenty-five dollar ($25) Gas Mart Gift Cards during said transaction. The Plaintiff mistakenly believes one of these Gift Cards is attached to her Complaint as Plaintiff's Exhibit A.

Attached as Defendant's Exhibit D, are the pertinent transaction records from Gas Mart 23 on December 12, 2011. Gas Mart 23's transaction records from that day show that two cards, different from the one attached to the Plaintiff's Complaint, were purchased by William Green. Only two (2) Gift Cards were purchased at Gas Mart 23 on December 12, 2011 for twenty-five dollars ($25). (See Defendant's Exhibit D). These cards are identified by Sequence Numbers 120309 and 120301. (See Defendant's Exhibit D). The Card bearing Sequence Number 120309 was depleted through customer usage on February 8, 2012. (See Defendant's Exhibit E). The other, Sequence Number 120301, has never been used and did not receive any dormancy related debits until December 19, 2012, more than one year from the date of purchase. (See Defendant's Exhibit F). Defendant's Exhibit C also shows two (2) failed attempts to load Gift Card 119818, which is the Gift Card attached to Plaintiff's Complaint. (See Defendant's Exhibit D). This is corroborated by Defendant's Exhibit A. (See Defendant's Exhibit A).

The records show, the Plaintiff's view of the facts surrounding the usage of the Gift Card attached to the Plaintiff's Complaint are misguided. The Gift Card attached to the Plaintiff's Complaint was depleted due to customer usage on December 6, 2011, and was never charged any dormancy fee. (See Defendant's Exhibit A). Of the two gift cards actually purchased by William Green on December 12, 2011, one was depleted by customer usage on February 8, 2012, and was never charged any dormancy fee. (See Defendant's Exhibit E).The other has never been redeemed and began accruing a one dollar ($1) per month dormancy fee on December 19, 2012, in conformance with the law. (See Defendant's Exhibit F).

As stated above the plaintiff has the obligation to establish jurisdiction by competent proof. The district court may properly look beyond the jurisdictional allegations of the complaint to determine whether in fact subject matter jurisdiction exists. The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. If a court concludes that it has no jurisdiction the court must dismiss the case without ever reaching the merits of the case. Given that the Defendant has proffered evidence calling the court's jurisdiction into doubt in this matter, this Court must dismiss the case unless the Plaintiff can proffer evidence establishing jurisdiction. Because the Plaintiff will be unable to do so, Count I should be dismissed for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).

## II.     Count I fails to state a claim upon which relief can be granted and should be dismissed pursuant to FRCP 12(b)(6).

In the Seventh Circuit standard of review under rule 12(b)(6) has been explained as follows: "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *In re Schmid,* quoting, *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir.2009). Further, [the court is] not obliged to accept as true … unsupported conclusions of fact. *Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir.2002), citing, *McLeod v. Arrow Marine Transp., Inc.,* 258 F.3d 608, 614 (7th Cir.2001).

Count I of the Class Action Complaint attempts to allege that the Defendant imposes a fee of one dollar ($1) per month on the Gift Card balance after six (6) consecutive months of inactivity. (See Comp. pg. 7, par. 36). What makes the Plaintiff's assertion interesting is that by using the word imposes instead of imposed, it does not directly state that the Gift Card that is the subject of this dispute was in fact charged one dollar ($1) per month after six (6) months of inactivity. (See Comp. pg. 7, par. 36). If Count I was truly alleging the Gift Card at issue was charged a one dollar ($1) every month after six months of inactivity, such an allegation wouldn't make sense mathematically as the Gift Card would have still had approximately eighteen dollars ($18) left on the Card as of January 16, 2013 if said allegation was accurate. The assertion appears to be more general in nature and seems to be based solely on the language from the back of the Gift Card rather than an actual allegation that the Gift Card at issue was in fact charged $1.00 per month after six (6) months of inactivity. The significance of course is if the Gift Card at issue was not charged the alleged fees then the Plaintiff would lack a cause of action.

Not only does Count I fail to specifically allege that the Gift Card at issue was charged any dormancy fees prior to one year of inactivity, but the Gift Card's transaction records show that this Card was depleted by customer usage. (See Defendant's Exhibit A). It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider "documents attached to a motion to dismiss ... if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012), quoting, *Wright v. Assoc. Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir.1994). In effect, the incorporation-by-reference doctrine provides that if a

plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment. *Brownmark* at 690. The doctrine prevents a plaintiff from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Brownmark* at 690, quoting, *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir.2002).

The transaction records presented by the Defendant in this case are analogous to documents admitted in an Indiana District Court decision in which the admitted documents were considered in relation to a motion to dismiss without converting the motion to one for summary judgment but were not specifically referenced in the plaintiff's complaint. In *French v. Azteca Mill., L.P.,* 2012 WL 5844756 (S.D.Ind., 2012), an employee brought suit against their employer alleging discrimination and hostile work environment, retaliation, pregnancy discrimination, and violation of the Equal Pay Act. The defendant employer moved for partial judgment on the pleadings and attached the plaintiff's EEOC charge to its motion to dismiss. The court had to determine whether the plaintiff's EEOC charge, which was not referenced in the complaint, was appropriate to consider in relation to the defendant's motion to dismiss. In making the determination the court stated in a footnote:

> "[w]hile [the plaintiff's] EEOC charge is not explicitly stated in [the plaintiff's] complaint, it does contain many of the pertinent factual allegations and discrimination charges. Therefore, the incorporation by reference doctrine is appropriate (*Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012)), and [defendant] attaching the

EEOC charge to its motion does not cause the court to convert it to a motion for summary judgment." *French v. Azteca Mill., L.P.,* 2012 WL 5844756, 2, fn1 (S.D.Ind.,2012), citing, FED. R. CIV. P. 12(d).

Paragraph 13 of the Class Action Complaint states, "On or about December 12, 2011, Plaintiff's father-in-law purchased a Gas Mart Gift Card (the "Gift Card") in the amount of $25.00 as a Christmas gift for Plaintiff. A copy of the front and back of the Gift Card is attached hereto as Exhibit A and incorporated herein by reference." Like *French*, the extrinsic document referenced in this Motion to Dismiss contains pertinent information relating to the factual allegations surrounding the Gift Card attached to the Plaintiff's Complaint. The attachment of the Gift Card as an exhibit to the Plaintiff's Complaint brings the Gift Card and its accompanying transaction records within the incorporation by reference doctrine. As stated above the doctrine prevents a plaintiff from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Brownmark* at 690, quoting, *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir.2002).

As discussed above, Defendant's Exhibit A shows that the Gift Card which is at issue in this action was purchased on December 4, 2011 for $20.00 as opposed to December 12, 2011, for $25, and that said Gift Card was not depleted by dormancy fees, but rather by customer usage on December 6, 2011. (See Defendant's Exhibit A; Comp. pg. 3, par. 13). The Sequence number in Plaintiff's Exhibit A (119818) correlates to the bottom set of numbers on the Gift Card at issue and attached to the Complaint as Plaintiff's Exhibit A (4#10045#*119818*#0). (See Defendant's Exhibit A; Plaintiff's Exhibit A). Surely Defendant's Exhibit A embodies the very essence of the incorporation

by reference doctrine as the document proves the Plaintiff's claim has no merit. As such, this court should consider Defendant's Exhibit A in relation to its Motion to Dismiss under FRCP 12(b)(6) without converting this Motion into a Motion for Summary Judgment and should find that Defendant's Exhibit A proves the Plaintiff's claims are without merit. Count I of the Plaintiff's Class Action Complaint should therefore be dismissed pursuant to FRCP 12(b)(6).

### III. Summary judgment in the Defendant's favor is appropriate as there are no genuine issues of material fact and Defendant's Exhibits prove the Complaint is without merit.

When the parties submit materials outside of a motion to dismiss, the Court has discretion to treat the motion as one for summary judgment. *McQueen v. Shelby County,* 730 F.Supp. 1449, 1451 (C.D.Ill.,1990), citing, *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386 (7th Cir.1981). Summary judgement (sic) is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement (sic) as a matter of law. *Barnhart v. Mack Trucks, Inc.,* 157 F.R.D. 427, 430 (N.D.Ill.,1994), citing, Fed.R.Civ.P. 56(c).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Lauer v. Dahlberg,* 717 F.Supp. 612, 613 (N.D.Ill.,1989), quoting, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-324 (1986). When the party opposing the motion bears the burden of proof on a particular issue, it cannot rest on its pleadings alone; rather it must affirmatively demonstrate by specific factual allegations, that there is a genuine issue of material fact that necessitates a

trial. *Barnhart* at 430, citing, *Beard v. Whitley County REMC,* 840 F.2d 405, 409–410 (7th Cir.1988). Rule 56(c) requires entry of summary judgement (sic) if the non-moving party fails to come forth with evidence to refute the moving party's allegations in its motion for summary judgement (sic). *Barnhart* at 430, citing, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24 (1986).

The party opposing the motion must do more than merely raise "some metaphysical doubt as to the material facts" in order to survive summary judgement (sic). *Barnhart* at 430, citing, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Even though all reasonable inferences are drawn in favor of the party opposing the motion, a scintilla of evidence in support of the non-movant's position will not defeat a motion for summary judgement (sic). *Barnhart* at 430, citing, *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir.1991). Where the factual allegations presented by the party opposing the motion would not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and the district court should grant summary judgement (sic). *Barnhart* at 430, citing, *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Lauer* at 613, citing, *Celotex* at 324.

As discussed above, the transaction record of the Gift Card at issue is attached to this Motion as Defendant's Exhibit A. The Sequence number in Exhibit A (119818) correlates to the bottom set of numbers on the Gift Card at issue and attached to the Complaint as Plaintiff's Exhibit A (4#10045#*119818*#0). (See Defendant's Exhibit A;

Plaintiff's Exhibit A). Defendant's Exhibit A shows that the Gift Card which is at issue in this action was purchased on December 4, 2011 for $20.00 as opposed to December 12, 2011, for $25, and that said Gift Card was not depleted by dormancy fees, but rather by customer usage on December 6, 2011. (See Defendant's Exhibit A; Comp. pg. 3, par. 13). Further, as more fully discussed above, Defendant's Exhibits B – E show that the Plaintiff's father-in-law purchased two different cards on the day in question, and neither of those cards expired nor were charged dormancy fees in violation of the Electronic Funds Transfer Act. Consequently, summary judgment should be entered in the Defendant's favor as to Count I.

### IV. Count II fails to state a cause of action under 15 U.S.C. § 1693l-1(c) and Regulation E, 12 § C.F.R. 205.20(e). In the alternative, summary judgment should be granted as to Count II.

Count II begins by stating the law applicable to the prohibition of gift cards with expiration dates. (Comp. pg. 8, pars. 43 & 44). Count II then describes how the Plaintiff came into possession of the Gift Card and that the Gift Card had never been used by her or her father-in-law. (Comp. pgs. 8 & 9, pars. 46-49). Finally, Count II reiterates that the Plaintiff learned from the Defendant that the remaining balance of the Gift Card was $0.00 on or about January 16, 2013 before stating that "as a direct and proximate result of the Defendant's unlawful conduct, Defendant violated the EFTA" and Regulation E by selling and issuing gift cards with expiration dates of less than five years. (Comp. pg. 9, pars. 50 & 51).

Count II simply does not make any allegation that the Gift Card at issue has or had an expiration date. In fact, a close look at the Gift Card provided as Plaintiff's Exhibit A shows that the Card has no expiration date. While the court accepts the

plaintiff's allegations as true for purposes of a motion to dismiss, "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations." *Woodall v. Village of Washington Park, Illinois,* 2006 WL 1131906, 2 (S.D.Ill.,2006), quoting, *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir.1998). Documents attached to the complaint are part of the pleadings and if those documents do not support the allegations, then a plaintiff can effectively plead itself out of court. *Woodall* at 2, citing, *Thompson v. Illinois Department of Professional Regulation,* 300 F.3d 750, 754 (7th Cir.2002) ("[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim."); *In the Matter of Wade*, 969 F.2d 241, 249 (7th Cir.1992).

  Not only does Count II contain no allegation of the existence of an expiration date, but Plaintiff's Exhibit A clearly contradicts the ultimate allegations of Count II. Further Defendant's Exhibit A shows the Card was depleted by customer usage and did not expire. Even if this Court were to somehow construe the pleadings as alleging the Card had or has an expiration date, Count II does not properly notify the Defendant as to the alleged expiration date so as to ascertain whether said date is within the exception provided by the underlying statute. (See, 12 C.F.R. §§ 205.20(e)(1)&(2); Comp. pg. 8, par. 44).

  As the Gift Card at issue is shown to have no expiration date and the Plaintiff makes no allegation that one exists, Count II of the Class Action Complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed. In the alternative, Defendant is entitled to summary judgment on Count II as Defendant's

Exhibit A shows that the Plaintiff's Gift Card did not expire, but rather was depleted by customer usage.

## CONCLUSION

For all the reasons presented, Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendant, respectfully requests this Honorable Court, DISMISS the above styled action with prejudice, declare judgment in favor of Defendant, and for such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        **BECKER, PAULSON, HOERNER & THOMPSON, P.C.**

        By:    s/ Alvin C. Paulson_____
                 Alvin C. Paulson
                 No. 6193202

**Attorneys for Defendant**
5111 West Main Street
Belleville, Illinois 62226
(618) 235-0020
(618) 235-8558 - Fax
acp@bphlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **June 18, 2013,** I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas Rosenfeld
Mark Goldenberg
Anthony Catalfamo
Goldenberg, Heller, Antognoli & Rowland, P.C.
2227 South State Route 157
Edwardsville, IL 62025

                                              s/ Alvin C. Paulson
                                              Alvin C. Paulson
                                              BECKER, PAULSON, HOERNER
                                               & THOMPSON, P.C.
                                              5111 West Main Street
                                              Belleville, IL 62226
                                              (618) 235-0020
                                              fax – (618) 235-8558
                                              ARDC #6193202