IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA GREEN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 13-cv-00267-GPM-DGW |
| ) ) | |
| v. ) ) | |
| DICKERSON STATIONS, INC. ) d/b/a GAS MART ) ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Plaintiff Teresa Green, for her response to Defendant Dickerson Stations, Inc.'s Motion to Dismiss or in the Alternative Motion for Summary Judgment, states as follows:

**INTRODUCTION**

In this action, Plaintiff, on behalf of herself and all others similarly situated, seeks relief from Defendant's sale and issuance of Gas Mart gift cards that imposed unlawful inactivity fees and/or unlawful expiration dates in violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.* and its implementing Regulation E, 12 C.F.R. §§ 205.1 *et seq.*

In its Motion to Dismiss or in the Alternative Motion for Summary Judgment ("Defendant's Motion"), Defendant contends that Plaintiff lacks standing, fails to state a claim, and, alternatively, that Defendant is entitled to summary judgment because its records purportedly show that no inactivity fee was charged to Plaintiff's gift card and it did not improperly expire.

The pleadings and admissions on file, however, show:

- Plaintiff's in-laws purchased the Gas Mart gift card that is attached to the Complaint (the "Gift Card") for $25.00 on December 12,

          2011, and did not use it at any time thereafter;

- Plaintiff received the unused Gift Card on or about December 25, 2011, and did not use it at any time thereafter;

- The Gift Card states on its face that Gas Mart charges an inactivity fee after six months, in violation of the EFTA and Regulation E; and

- Plaintiff never used the Gift Card, yet she was deprived of the $25.00 balance on the card because Defendant improperly charged inactivity fees and/or expired the card earlier than permitted by the EFTA and Regulation E.

Construing these facts in favor of Plaintiff, it is evident that: (1) Plaintiff has standing to bring this lawsuit based on her deprivation of money caused by Defendant's statutory violations; (2) Plaintiff has sufficiently stated claims under the EFTA; and (3) genuine issues of material fact exist which preclude summary judgment.

Accordingly, Defendant's Motion must be denied.

## FACTS

1. On or about December 12, 2011, Plaintiff's in-laws purchased two Gas Mart gift cards in the amount of $25.00 each from the Gas Mart store located in O'Fallon, Illinois. Plaintiff's mother-in-law, Kristine Green (the "Purchaser"), went to the Gas Mart store and purchased the two gift cards using her husband's and her Chase Bank Credit Card. (Kristine Green Aff. ¶¶ 2, 3, attached hereto as Exhibit A.)

2. On December 12, 2011, the Purchaser did not enter the store with any other previously-purchased Gas Mart gift card, nor did she ask the Gas Mart attendant to load a previously-purchased Gas Mart gift card. (Kristine Green Aff. ¶ 4.)

3. The Gas Mart attendant gave the Purchaser two gift cards, and the Purchaser left the store. (Kristine Green Aff. ¶ 5.)

4. In December 2011, the Purchaser had not purchased any Gas Mart gift card prior to December 12, 2011. (Kristine Green Aff. ¶ 8.)

5. The Purchaser did not use the Gas Mart gift cards purchased on December 12, 2011, at any time. (Kristine Green Aff. ¶ 7.)

6. Plaintiff's in-laws purchased the Gas Mart gift cards to give as Christmas gifts, and, in fact, gave them as Christmas gifts. (Kristine Green Aff. ¶ 6; Teresa Green Aff. ¶ 3, attached hereto as Exhibit B.)

7. On or about December 25, 2011, Plaintiff received as a Christmas gift from her in-laws one of the $25.00 Gas Mart gift cards (the "Gift Card"). (Kristine Green Aff. ¶ 6; Teresa Green Aff. ¶ 2.)

8. Plaintiff has never used or attempted to use the Gift Card. (Teresa Green Aff. ¶ 4; Def. Mot. Ex. A.)

9. Since receiving the Gift Card, Plaintiff has been, and continues to be, the holder of the Gift Card. (Teresa Green Aff. ¶ 5.)

10. The back of the Gift Card states: "After six consecutive months of inactivity a fee of $1.00 per month will be deducted from the gift card balance." (Compl. Ex. A.)

11. On or about January 16, 2013, Plaintiff learned that the remaining balance on the Gift Card is $0.00. (Teresa Green Aff. ¶ 5.)

12. Neither Purchaser nor Plaintiff purchased any Gas Mart gift card on December 4, 2011. (Kristine Green Aff. ¶ 8; Teresa Green Aff. ¶ 2.)

13. Neither Purchaser nor Plaintiff used any Gas Mart gift card on December 6, 2011. (Kristine Green Aff. ¶ 8; Teresa Green Aff. ¶ 2.)

**ARGUMENT**

**I.     THE LEGAL STANDARD.**

When ruling on a motion to dismiss, the court is "obliged to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the Plaintiff." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). In order to state a valid claim, Plaintiff's complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff is not required to allege "'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint's allegations need only "'plausibly suggest that the plaintiff has a right to relief'" and need only raise "'that possibility above a 'speculative level . . . .'" *Wilson v. Price*, 624 F.3d 389, 391-92 (7th Cir. 2010) (*quoting Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008)). Plaintiff's claims must simply contain "'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 556).

Summary judgment is properly entered only when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Boim v. Quranic Literacy Inst*., No. 00-C-2905, 2012 U.S. Dist. LEXIS 126063, at *14 (N.D. Ill. Aug. 31, 2012) (*citing* Fed. R. Civ. P. 56(c)). "The Supreme Court has instructed district courts to act 'with caution' in granting summary judgment . . . . At this stage of the proceedings, the Court makes no credibility determinations and weighs no evidence; instead, the Court accepts the non-movant's evidence and draws all justifiable inferences in its favor." *Id.*

(*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)). "Because the remedy is drastic, the requirement that there be no genuine dispute as to any material fact must be strictly construed. The burden of demonstrating the absence of a genuine issue of material fact falls on the movant . . . ." *Proctor v. General Conf. Corp.*, No. 81-C-4938, 1985 U.S. Dist. LEXIS 14846, at *6 (N.D. Ill. Oct. 16, 1985).

## II. PLAINTIFF HAS STANDING BECAUSE SHE SUFFERED A DEPRIVATION OF PROPERTY CAUSED BY DEFENDANT'S STATUTORY VIOLATION.

"To satisfy Article III's standing requirements, a plaintiff must allege that he has sustained 'personal injury[-in-fact] fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Johnson v. Allsteel*, Inc., 259 F.3d 885, 887 (7th Cir. 2001) (*quoting Allen v. Wright*, 468 U.S. 737, 751 (1984)).

"The party invoking federal jurisdiction has the burden of establishing these elements, but at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. *Family & Children's Ctr. v. School City*, 13 F.3d 1052, 1058 (7th Cir. 1994). Importantly, the Seventh Circuit has noted that "the Article III standing requirements are rather 'undemanding.'" *Id.* (*quoting North Shore Gas Co. v. E.P.A.*, 930 F.2d 1239, 1242 (7th Cir. 1991)).

Thus, "[a]t the pleading stage Article III standing is something to be alleged, not proved. All that must be alleged is an injury, personal to the person seeking judicial relief, that the court can redress . . . ." *United States v. Funds in the Amount of $574,840*, No. 12-3568, 2013 U.S. App. LEXIS 11760, at *7 (7th Cir. June 11, 2013). "[S]tanding in the Article III sense does not require a certainty or even a very high probability that the plaintiff is complaining about a real injury, suffered or threatened." *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 744 (7th Cir. 2007). "Although the two concepts unfortunately are blurred at times, standing and

entitlement to relief are not the same thing. Standing is a prerequisite to *filing suit*, while the underlying merits of a claim . . . determine whether the plaintiff is entitled to relief." *Arreola v. Godinez*, 546 F.3d 788, 794-95 (7th Cir. 2008). A litigant does not need to "'definitely establish that a right of his has been infringed,'" but must only "'have a colorable claim to such a right to satisfy Article III'. . . . Were we to require more than a colorable claim, we would decide the merits of the case before satisfying ourselves with standing." *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 900 (7th Cir. 2012) (*quoting Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009)).

Ignoring the distinction between a standing analysis and a merits analysis, Defendant asserts that its records show that the Plaintiff's Gift Card was not charged an inactivity fee. Because the Court must simply determine whether Plaintiff has stated a "colorable claim," it is premature to weigh the facts proffered by Defendant, which rely on assumptions and which are contradicted by Plaintiff's proffered facts.

Although Defendant's records do not appear to show who purchased particular gift cards, Defendant argues that Plaintiff's in-law purchased the Gift Card attached to the Complaint on December 4, 2011 for $20.00. Def. Mot., p. 4. Defendant then carries this assumption further, arguing that Plaintiff's in-law used the full balance of the same Gift Card two days later, on December 6, 2011. Def. Mot., p. 4. Defendant then concludes that "the Plaintiff is either lying, or the Plaintiff is mistaken" because it is an undisputed fact that neither of the two gift cards purchased by Plaintiff's in-law on December 12, 2011 was the Gift Card attached to the Complaint. Def. Mot., pp. 4, 5.

Defendant's factual assertions are contradicted by Plaintiff's pleadings and admissions on file. Plaintiff's in-law did *not* purchase a Gas Mart gift card on December 4, 2011, nor did she

Page 6 of 14

use one on December 6, 2011. Kristine Green Aff. ¶ 8. Moreover, on December 12, 2011, Plaintiff's in-law did not enter the Gas Mart store with a previously-purchased gift card, she purchased only two gift cards, and she left the store with only two Gas Mart gift cards, one of which she gave to Plaintiff and which is attached to the Complaint as Exhibit A. Kristine Green Aff. ¶¶ 2, 4-6; Teresa Green Aff. ¶ 2; Compl. ¶ 13.

Defendant asks this Court to ignore Plaintiff's pleadings and admissions, and rely solely on its records; yet, it does not explain how the gift card data is recorded, who enters the data, when the data is entered, or how Defendant confirms or knows the data to be reliable.[1]

Furthermore, the data on which Defendant relies is ambiguous and illogical. With respect to the Gift Card attached to the Complaint, Defendant's records show activity on the Gift Card on December 12, 2011 in the store where the Gift Card was purchased at the same time that Defendant admits the purchase was made. Def. Mot. Ex. A, D. Ultimately, the records produced by Defendant show activity on *three* gift cards at the time of the purchase, and Defendant does not explain how it knows with certainty which *two* gift cards it gave to the Purchaser following her purchase. Defendant's records further fail to show, and Defendant does not attempt to explain, why there were two attempts to use, within *seconds* of the purchase of two other cards, a card that was supposedly purchased and depleted a week earlier. Def. Mot. Ex. D.

In light of the foregoing, the Court should not weigh the accuracy of Defendant's records to determine whether Plaintiff has standing. At the pleading stage, Article III standing is something to be alleged, not proved. *Funds in the Amount of $574,840*, 2013 U.S. App. LEXIS 11760, at *7. Nonetheless, here, Plaintiff alleges and provides facts demonstrating that she has standing. Plaintiff suffered an injury-in-fact in that she received a Gas Mart gift card on or about

---

[1] At the least, these issues are proper subjects for Plaintiff to explore in discovery.

December 25, 2011, she never used the Gift Card, and was deprived of money by Gas Mart's imposition of an illegal inactivity fee. Compl. ¶¶ 14-18; Teresa Green Aff. ¶¶ 2-5. Moreover, Plaintiff's unlawful policy is stated on the face of the Gift Card (Compl. Ex. A.), and Plaintiff's injury is fairly traceable to Defendant as she was deprived of the money that was charged, collected, and retained on the Gift Card by Defendant as a direct and proximate result of Defendant's imposition of inactivity fees that violate the EFTA and its implementing Regulation E. Compl. ¶¶ 30-40; Teresa Green Aff. ¶¶ 3-6. Finally, Plaintiff's injury can adequately be redressed by this Court through injunctive relief and the awarding of actual and statutory damages under the EFTA. Compl. ¶ 41.

Plaintiff's claims, even in light of Defendant's ambiguous and illogical records, establish that Plaintiff has alleged a colorable claim to relief under the EFTA and Regulation E. Accordingly, Defendant's Motion to Dismiss pursuant to 12(b)(1) should be denied because Plaintiff's allegations meet the undemanding Article III standing requirements.

### III.  COUNT I SUFFICIENTLY STATES A CLAIM UNDER THE EFTA AND REGULATION E.

To state a claim under the EFTA and Regulation E, a plaintiff must allege that the Defendant: (a) imposed a dormancy or inactivity fee with respect to a store gift card; and (b) such fee was imposed before one full year of inactivity on the card:

> (d) Prohibition on imposition of fees or charges. No person may impose a dormancy, inactivity, or service fee with respect to a gift certificate, store gift card, or general-use prepaid card, unless:
>
> (1) There has been no activity with respect to the certificate or card, *in the one-year period* ending on the date on which the fee is imposed. . . .

12 C.F.R. § 205.20(d) (emphasis added).

Pursuant to Rule 12(b)(6), Defendant asserts that Plaintiff "does not directly state that the Gift Card that is the subject of this dispute was in fact charged" unlawful dormancy fees. Def. Mot., p. 7. Additionally, Defendant asserts that its records should be incorporated by reference into Plaintiff's Complaint and that Plaintiff's Complaint should be dismissed because these records purportedly indicate that the Gift Card was depleted by customer usage not inactivity fees. Def. Mot., pp. 7-9.

Plaintiff's Count I allegations are more than sufficient to withstand Defendant's 12(b)(6) motion. As set forth above, Defendant's records are incomplete, ambiguous, and contradicted by Plaintiff's allegations and factual submissions. Therefore, they should not be incorporated into Plaintiff's Complaint.

Plaintiff adequately alleges that:

    (a)    after receiving the Gift Card, Plaintiff never used it (Compl. ¶ 16);

    (b)    the Gift Card imposes inactivity fees after six months, in violation of the EFTA and Regulation E (Compl. ¶¶ 29-41); and

    (c)    Plaintiff was deprived of money that was improperly charged, collected, and retained by Defendant in violation of the EFTA and Regulation E (Compl. ¶¶ 18, 38-40).

Taking Plaintiff's allegations as true and drawing all reasonable inferences in her favor, Plaintiff plausibly suggests that she has a right to relief under the EFTA and Regulation E.

### IV. THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT PRECLUDES SUMMARY JUDGMENT ON COUNT I.

Defendant argues that the Court should rely solely on Defendant's records, ignore Plaintiff's pleadings and admissions on file, and, as a matter of law, grant summary judgment to Defendant because its records purportedly show that the Gift Card attached to the Complaint was

not one of the two gift cards purchased on December 12, 2011, and subsequently given to Plaintiff. Def. Mot., pp. 11, 12.

As described above, the Court has no basis for relying on the veracity of Defendant's records. They do not show who entered the data regarding the cards, or when such data was entered; they do not establish how or if the data is verified; they do not show who purchased or attempted to use the cards; and they do not show which cards the Purchaser left the Gas Mart store with on December 12, 2011.

Furthermore, Defendant's records regarding the Gift Card are contradicted by the pleadings and affidavits filed herewith. Contrary to Defendant's suggestion, Plaintiff's in-law did not purchase any Gas Mart gift card from any Gas Mart store on December 4, 2011. Kristine Green Aff. ¶ 8; *see also* Def. Mot. Ex. C, Credit Card statement of Bill Green. Additionally, neither the Purchaser nor Plaintiff used any Gas Mart gift card on December 6, 2011, the date Defendant asserts the Gift Card was depleted by customer usage. Kristine Green Aff. ¶ 8; Teresa Green Aff. ¶ 2.

Instead, as set forth in the pleadings and admissions on file, on December 12, 2011, Plaintiff's mother-in-law went to the Gas Mart store in O'Fallon, Illinois to purchase two gift cards to give as Christmas gifts. Kristine Green Aff. ¶¶ 2, 6. She did not enter the store with any other previously-purchased Gas Mart gift card, nor did she ask the Gas Mart attendant to load a previously-purchased Gas Mart gift card. Kristine Green Aff. ¶ 4. She left the store with only two gift cards and never used either gift card at any time. Kristine Green Aff. ¶¶ 5, 7. Plaintiff's in-laws gave Plaintiff one of the gift cards as a Christmas gift, and this gift card is attached as Exhibit A to the Complaint. Kristine Green Aff. ¶ 6; Teresa Green Aff. ¶ 3; Compl. ¶ 13. Plaintiff never used the Gift Card, which, on its face, states that improper fees will be charged

after six months of inactivity. Teresa Green Aff. ¶¶ 4, 5. Despite never being used, Gas Mart imposed improper inactivity fees on the Gift Card that have reduced its balance to $0.00, resulting in an injury to Plaintiff. Compl. ¶¶ 14-18, 39-40; Kristine Green Aff. ¶ 7; Teresa Green Aff. ¶¶ 4, 5.

Furthermore, Defendant's records show data for *three* gift cards at the time the Gift Card was purchased on December 12, 2011. In chronological order, Defendant's records show:

| TIME | CARD # | TRANSACTION |
|---|---|---|
| 6:02:34 p.m. | 120301 | Gift Activate |
| 6:03:49 p.m. | 120301 | Failed Transaction |
| 6:04:31 p.m. | **119818 (Pl. Ex. A)** | Failed Transaction |
| 6:05:01 p.m. | 120301 | Gift Balance |
| 6:05:36 p.m. | 120309 | Gift Activate |
| 6:05:47 p.m. | **119818 (Pl. Ex. A)** | Failed Transaction |
| 6:13:44 p.m. | 120301 | Gift Balance |

Def. Mot. Ex. D.

The data for the Gift Card at issue was entered *in between* the data for the two cards Defendant contends left the store with the Purchaser. Defendant fails to explain why data relating to Plaintiff's Gift Card was entered *in between* the purchases of these other two cards. Defendant also does not explain why one of the gift cards allegedly purchased by the Purchaser (120301) has its balance checked ten minutes after it was supposedly purchased. Nor do Defendant's records explain how Plaintiff ended-up with Gift Card 119818, which is the gift card attached as Exhibit A to the Complaint.

In addition to the flaws in Defendant's data, the records proffered by Defendant are contradicted by Plaintiff pleadings and admissions on file. Therefore, drawing all justifiable inferences in Plaintiff's favor, genuine issues of material fact exist, and Defendant's Motion for Summary Judgment as to Count I should be denied.

V. **PLAINTIFF'S COUNT II STATES A CAUSE OF ACTION AND THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT PRECLUDES SUMMARY JUDGMENT.**

Defendant asserts that Plaintiff's Count II fails to state a cause of action under the EFTA and Regulation E because Plaintiff fails to make any allegation that the Gift Card at issue has or had an expiration date. Def. Mot., p. 12. Moreover, Defendant asserts that no claim is stated because the Gift Card does not list an expiration date on its face so Defendant does not have notice of whether the expiration date is within the five-year limitation called for by the EFTA and Regulation E. Def. Mot., p. 13.

Defendant seeks to read into the EFTA and Regulation E a requirement that the Gift Card expressly provide an expiration date on its face. However, there is no such requirement in the plain language of the statute and regulation. Regulation E states in pertinent part:

> (e) Prohibition on sale of gift certificates or cards with expiration dates. No person may sell or issue a gift certificate, store gift card, or general-use prepaid card with an expiration date, unless:
>
> (1) The person has established policies and procedures to provide consumers with a reasonable opportunity to purchase a certificate or card with *at least five years remaining* until the certificate or card expiration date;
>
> (2) The expiration date for the underlying funds is at least the later of:
>
> (i) Five years after the date the gift certificate was initially issued, or the date on which

Page 12 of 14

>> funds were last loaded to a store gift card or general-use prepaid card; or
>
> (ii) The certificate or card expiration date, if any. . . .

12 C.F.R. § 205.20 (emphasis added).

Plaintiff's allegations sufficiently state a claim upon which relief can be granted. Plaintiff alleges that the Gift Card was purchased in December 2011, and that neither Plaintiff nor any other person used the Gift Card, at any time. Compl. ¶¶ 46, 48. Plaintiff later learned, on January 16, 2013, that the remaining balance on the Gift Card was $0.00. Compl. ¶ 50. Accordingly, the Gift Card expired before five years after sale or issuance—in violation of the EFTA and Regulation E—and Plaintiff was deprived of money that was charged, collected, and retained by Defendant through the sale and issuance of a gift card with an unlawful expiration date. Compl. ¶¶ 51-52.

Finally, in the alternative, Defendant asserts that Summary Judgment should be granted because Defendant's records purportedly show that Plaintiff's Gift Card was depleted by customer usage. Def. Mot., pp. 13-14. As described above, however, the pleadings and admission on file contradict Defendant's assertions and it is premature to weigh the veracity of Defendant's proffered evidence.

Therefore, accepting the Plaintiff's pleadings and admissions on file and drawing all justifiable inferences in Plaintiff's favor, Plaintiff's Count II states a plausible claim, and genuine issues of material fact exist which preclude Summary Judgment as to Count II.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment should be denied.

Dated: August 5, 2013

Respectfully submitted,

**GOLDENBERG HELLER ANTOGNOLI & ROWLAND, P.C**

By: /s/ Thomas P. Rosenfeld
Thomas P. Rosenfeld # 06301406
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150
618-656-6230 (fax)
tom@ghalaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion was electronically filed with the United States District Court, Southern District of Illinois, and that copies were sent electronically on this 5th day of August, 2013, to all attorneys of record.

/s/ Thomas P. Rosenfeld