**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TERESA GREEN, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **CIVIL NO. 13-267-GPM** |
| **vs.** | ) ) | |
| **DICKERSON STATIONS, INC. d/b/a GAS MART,** | ) ) ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, on her behalf and behalf of a putative class, alleges Defendant sold gift cards that imposed unlawful inactivity fees and unlawful expiration dates in violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq*. and its implementing Regulation E, 12 C.F.R. §§ 205.1 *et seq* (Doc. 2). Plaintiff claims that on December 12, 2011 her in-laws purchased a Gas Mart gift card in the amount of twenty-five dollars as a Christmas gift for her (Doc. 2, p. 3). Plaintiff received the gift card—card number 119818—on December 25, 2011 (Doc. 2, p. 3). Though she claims she never used the card, she learned, on January 16, 2013, that the gift card had no remaining balance (Doc. 2, p. 3). Plaintiff argues that EFTA prohibits inactivity fees unless the card has been inactive for one year, and this card was not.

Defendant filed a motion to dismiss for failure to state a claim, for lack of jurisdiction, or in the alternative for summary judgment and Plaintiff has filed a response (Docs. 14, 18). Defendant contends Plaintiff lacks standing as there is no injury-in-fact: Defendant's records show that the

gift card was depleted by customer usage. Defendant also argues there is no actionable claim here as Plaintiff is not claiming that *this* gift card was charged untimely inactivity fees. Defendant also attaches exhibits to show that the gift card in question was not one of the gift cards purchased by Plaintiff's father-in-law on December 12, 2011, and neither of those cards were charged dormancy fees or expired. Further, Plaintiff's claim in Count II relies on an EFTA provision regulating issuance of gift cards of expiration dates of less than five years—because the gift card attached to Plaintiff's complaint has no expiration date, Plaintiff has no meritorious claim. Plaintiff's response essentially argues 'Defendant has the facts wrong: the card attached to the complaint was in fact purchased December 12, 2011, went unused, and was improperly charged inactivity fees in violation of the statute.'

Standards of Review

To survive a motion to dismiss a plaintiff's complaint "must state a claim to relief that is plausible on its face." *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley*, 671 F.3d at 615. To survive a motion to dismiss under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 550 U.S. 544, 555 (2007). Conclusions and a formulaic recitation of the elements of a cause of action will not do. *Id.*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c).   A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant.   *Buscaglia v. United States,* 25 F.3d 530, 534 (7th Cir. 1994).   The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial.   Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).   In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *see also Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999) (noting summary judgment as the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").

Analysis

The issue of standing addresses "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."   *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975).   To establish standing, Plaintiff must allege: 1) she suffered an actual or imminent injury in fact which is concrete and particularized; 2) the injury is fairly traceable to the challenged action of Defendant; and 3) a favorable decision would redress her injury.   *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).   The Seventh Circuit has noted Article III standing requirements are rather "undemanding."   *Id.* (quoting *North Shore Gas Co. v. E.P.A.,* 930 F.2d 1239, 1242 (7th Cir. 1991)).   At the pleading stage, general factual allegations of injury resulting from the

defendant's conduct may suffice. *Family & Children's Ctr. v. School City*, 13 F.3d 1052, 1058 (7th Cir. 1994) (citing *Lujan*, 504 U.S. at 561).

On a motion to dismiss, the Court must "assume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)). Here, Plaintiff alleges she suffered an actual injury in fact by being deprived of the value of the $25 gift card (Doc. 2, p. 3). Plaintiff further contends her deprivation is fairly traceable to Defendant's improperly imposed inactivity fees in violation of the EFTA and Regulation E (Doc. 2, p. 6–7). Finally, Plaintiff alleges this Court may redress her injury by injunctive relief, and the award of damages under EFTA (Doc. 2, p. 7). Plaintiff's pleading sufficiently alleges the *Lujan* standing requirements to survive Defendant's motion to dismiss.

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman,* 297 F.3d 569, 571 (7th Cir. 2002). A complaint should not be dismissed under Rule 12(b)(6) unless it either fails to provide adequate notice, or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged ... across the line from conceivable to plausible[.]" *Twombly,* 550 U.S. at 570; *see also EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). "A complaint need not 'allege all, or *any,* of the facts logically entailed by the claim,' and it certainly need not include evidence." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Bennett*

*v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis in original).

Plaintiff states a plausible claim in Count I. Under EFTA and Regulation E, Defendant is prohibited from imposing "a dormancy, inactivity, or service fee with respect to a gift certificate, store gift card, or general use prepaid card, unless: (1) there has been no activity with respect to the certificate or card, in the one-year period ending on the date on which the fee is imposed[.]" 12 C.F.R. § 205.20(d). To state a claim upon which relief may be granted under the EFTA and Regulation E, Plaintiff must allege Defendant imposed a dormancy, inactivity, or service fee on its gift card before one year of inactivity. Here, Plaintiff alleges she never used the gift card issued by Defendant (Doc. 2, p. 3), the gift card "imposes" inactivity fees after six months (Doc. 2, p. 6–7), and she was deprived of money that was improperly charged, collected, and retained by Defendant in violation of the EFTA and Regulation E (Doc. 2, p. 7). These allegations state a claim.

Defendant argues Plaintiff's use of the word "imposes," instead of "imposed," is indicative of a generalized statement based solely on language found on the gift card. It is clear, however, that Plaintiff is claiming she was actually harmed by wrongfully imposed fees. The complaint is sufficient. Further, even considering the transaction record evidence adduced by Defendants under the incorporation-by-reference doctrine, the evidence serves to *raise* issues of material fact, not settle them. The parties present contradictory evidence: Was gift card 119818 purchased on December 12, 2011? When was card 119818 purchased and what was the original balance? Was the balance on that gift card depleted by customer use? Was the gift card inactive and charged inactivity fees? Were inactivity fees charged violative of EFTA? In deciding summary judgment motions, the Court may not determine the weight of evidence presented, but instead, must only

determine whether Plaintiff alleged specific facts to surpass the summary judgment standard.   *See*

*Anderson*, 477 U.S. at 255.   Here, Plaintiff has successfully set forth specific facts alleging the

card in question was improperly charged inactivity fees.   Defendant's motion is DENIED.

**IT IS SO ORDERED.**

**DATED**: November 6, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge